## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON

**CHRISTOPHER LAMARR-SHAWN HARRIS,**

　　　　**Movant,**

**v.**　　　　　　　　　　　　　　　**Case No. 3:15-cv-07814**
　　　　　　　　　　　　　　　　　**Case No. 3:14-cr-00042**

**UNITED STATES OF AMERICA,**

　　　　**Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 56, Motion to Vacate, Set Aside or Correct Sentence). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

On April 22, 2014, Defendant was charged in a four-count superseding indictment with one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), and managing and controlling a premises for the purpose of storing and distributing heroin, in violation of 21 U.S.C. § 856(a)(2). Between the summer of 2013 and April 2, 2014, Defendant was alleged to have conspired with several other individuals to transport heroin from Detroit, Michigan for distribution

in Huntington, West Virginia.  Defendant also leased an apartment in Huntington, which was used to store, prepare and distribute heroin.  He also recruited participants to distribute heroin, provided the heroin for distribution, and collected proceeds after such distribution.

On July 8, 2014, defendant pled guilty, pursuant to a written plea agreement, to the conspiracy count of the superseding indictment.  In the written plea agreement, the parties stipulated and agreed that the offense and relevant conduct attributable to Defendant was at least one kilogram, but less than three kilograms, of heroin.  (ECF No. 120 at 11).  The parties also agreed that Defendant's base offense level under the United States Sentencing Guidelines was 32, pursuant to USSG § 2D1.1(c)(4), and that a two-level enhancement for maintaining a premises for purpose of distribution, pursuant to USSG § 2D1.1(b)(16), and a three-level enhancement for acting as a manager/supervisor, pursuant to USSG § 3B1.1(b) would apply, for an adjusted offense level of 37.  (*Id.* at 5). Defendant's plea agreement also contained a waiver of appeal and collateral attack, except for any claim based upon ineffective assistance of counsel.  (*Id.* at 6).  The plea agreement included the following acknowledgement:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, and that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at 8).  Defendant signed and initialed each page of the plea agreement, and signed the last page of the Stipulation of Facts.  (*Id.* at 1-8, 11).

2

During the July 8, 2014 plea hearing, the District Court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's own admissions to the facts contained in the stipulation supporting his guilty plea, the government's presentation of testimony and evidence to support the essential elements of Count One (which the defendant admitted was substantially correct), and Defendant's acknowledgement of the rights he was waiving and his satisfaction with his attorney's representation. (ECF No. 155).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on August 18, 2014. As pertinent to the instant motion, in the initial version of the PSR, 906.5 grams of heroin was attributable to Defendant as relevant conduct. However, in light of his plea agreement stipulating that Defendant's total offense and relevant conduct was between one and three kilograms of heroin, the initial PSR placed him at a base offense level of 32. After other adjustments, the initial PSR calculated his total adjusted offense level to be 34, with a criminal history category of I.

On September 22, 2014, the United States Probation Office revised the PSR. The revised PSR attributed 1,355.3 grams of heroin to Defendant, which did not in any way alter his total adjusted offense level of 34. However, the revised PSR did amend Defendant's criminal history category, accounting for the fact that he was subject to an additional two criminal history points under USSG § 4A1.1(d) for committing his instant offense while on probation for a prior offense of Operating While Impaired (or "DUI") in Michigan. Thus, the revised PSR attributed three criminal history points to Defendant, raising him to a criminal history category of II. Defendant did not lodge any objection to the revised PSR.

On October 6, 2014, Defendant appeared before the District Court for sentencing. In conformity with the plea agreement, and the revised PSR, the District Court found that Defendant's base offense level was 32, and that he should be assessed a two-level enhancement under USSG § 2D1.1(b)(16), and a three-level enhancement under USSG § 3B1.1(b). After granting him a three-level reduction for acceptance of responsibility, Defendant's total adjusted offense level was determined to be 34.

Defendant was also assessed three criminal history points, which placed him in criminal history category II. Thus, his sentencing guideline range was 168-210 months of imprisonment. Recognizing that the Sentencing Commission's adoption of an across-the-board two-level reduction in guideline levels for drug offenses would be retroactively applicable, and upon agreement of the parties, the District Court granted an additional two-level reduction, resulting in a total adjusted offense level of 32, and a sentencing guideline range of 135-168 months of imprisonment.

Defendant's counsel vigorously argued for a downward variance to the mandatory minimum sentence of 120 months. However, the District Court declined to vary from the guideline range and sentenced Defendant to a 147-month term of imprisonment, followed by a five-year term of supervised release. (Judgment in a Criminal Case, ECF No. 138). Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

However, on June 17, 2015, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 149). Defendant claims that he received ineffective assistance of counsel because his counsel failed to pursue an appeal, despite his directive to do so, and because he was allegedly promised that he would receive the mandatory minimum sentence of 120 months in prison. Defendant

further contends that his counsel failed to lodge any objections at sentencing, including objecting to his revised PSR, which contained an increased amount of relevant conduct and criminal history, thus altering the guideline range, which, he contends, resulted in a sentence higher than necessary. Defendant also claims that the cumulative effect of these errors resulted in prejudice of a constitutional magnitude.[1]

On March 11, 2016, Respondent (hereinafter "the Government') filed a Response to the section 2255 motion asserting that that defense counsel provided effective assistance at all pertinent stages of Defendant's criminal proceedings and there is no merit to any of Defendant's grounds for relief. (ECF No. 161). Accordingly, the Government requests that Defendant's section 2255 motion be denied and this matter be dismissed. (*Id.*) Defendant did not file a reply brief. This matter is ripe for adjudication.

## **ANALYSIS**

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of

---

[1] Ground Four of Defendant's motion also appears to make a claim under the Privacy Act of 1974, which is not cognizable in a section 2255 proceeding. Moreover, Defendant's plea agreement contained a waiver of Privacy Act rights. (ECF No. 120 at 6). Additionally, the Privacy Act does not apply to the federal courts or the Probation Office, which is an arm thereof. *See* 5 U.S.C. §§ 551(1)(B), 552(g)(1); *see also Hankerson v. United States*, 549 F. App'x 608 (11th Cir. Feb. 24, 2015). Accordingly, the undersigned will not further address that claim. At any rate, Defendant's claim appears to be grounded in his counsel's alleged failure to object to what he considered were inaccurate alterations to his PSR, which is otherwise addressed herein.

> reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). As noted by Respondent, "[t]he question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88. (ECF No. 113 at 6).

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697. Using this standard, the undersigned will address each claim of ineffective assistance of counsel asserted by Defendant.

### A. Defendant's guilty plea was knowing and voluntary.

In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies during the plea negotiation stage of the criminal process. The Court confirmed that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. Thus, a defendant who pled guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have

pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).    Furthermore, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing).

Defendant's plea colloquy demonstrates that Defendant was fully aware of the terms and conditions of the plea agreement and his guilty plea, and he acknowledged that he was knowingly and voluntarily entering into the same.    Defendant further acknowledged that he was fully satisfied with the performance and assistance of his counsel, and he has not demonstrated, by clear and convincing evidence, that he should not be bound by those representations.    Such representations include his specific acknowledgement that he understood the effect of his guilty plea and the appellate waiver contained in his written plea agreement.

As specifically noted in the written plea agreement, the parties noted that the Court and probation office were not bound by the agreed-to guideline calculation.    Further, Defendant was advised by the Court during the plea hearing that the guideline calculation could not be determined until after the PSR was prepared and all objections thereto resolved, and that any estimate given by counsel was not a guarantee of Defendant's sentence.    Moreover, Defendant specifically denied that anyone had promised him something that was not discussed on the record during the hearing.    Accordingly, the Court found that Defendant's guilty plea was knowing and voluntary.

As noted in the Government's Response, in *United States v. LeMaster*, 403 F.3d 216, 221 (4th Cir. 2005), the Fourth Circuit held that, absent extraordinary circumstances,

a district court is not required to conduct an evidentiary hearing  concerning a challenge to a guilty plea, where the defendant's allegations contradict the defendant's sworn statements made during a proper Rule 11 colloquy.  *Id.*  Rather, the district court may find that such allegations are "palpably incredible" and "patently frivolous and false."  *Id.*

While Defendant does not appear to be challenging his actual guilty plea, he suggests that representations were made prior to his entry into the plea agreement that he would receive the mandatory minimum 120-month sentence, and that his counsel's failure to object to the increased sentence calculation and to seek enforcement of the mandatory minimum sentence he claims he was promised, either on appeal or through a motion for reconsideration of sentence, was constitutionally ineffective.

However, both of Defendant's attorneys deny that any such promises or representations were made.  In fact, the affidavits of both Ashley M. Lockwood and John A. Proctor state that, prior to his entry into the plea agreement, they advised Defendant that they would argue for a sentencing variance but, even in the best case scenario, his sentence would be over the ten-year mandatory minimum.  (ECF No. 161, Ex. E at 3-4; Ex. F at 3-4).

In the instant matter, the undersigned first proposes that the presiding District Judge **FIND** that Defendant's guilty plea was knowing and voluntary and that his allegations of ineffective assistance of counsel during the plea stage of his proceedings are directly contradicted by his sworn statements during his plea colloquy, the truth of which are conclusively established.

8

**B.      The failure to pursue an appeal or reconsideration of sentence.**

Defendant contends that his counsel was ineffective because they failed to file an appeal and/or move for reconsideration of his sentence, upon request.  Ground One of his section 2255 motion states:

> Defendant after sentencing asked counsel to file an appeal notice and to pursue appeal of his sentence for a lesser sentence due to mitigating factors not considered by or overlooked by the court – or which were not given their just deference in Defendant's eyes.  Counsel not only did not file notice of appeal, but he did not give Defendant any particulars of whether he would or would not pursue it, timeliness, nor any info. about the option of seeking Reconsideration of Sentence due to inaccurate or incomplete sentencing underlying the adverse determination sentence rendered against Your Defendant.
>
> In the end, the counselor never put in notice of appeal nor pursued such, nor put in for reconsideration as to the lengthy sentence nor pursued such, the result was prejudice to the Defendant and creation of a record which seems to indicate it is a properly formed mutual participation event when the record was not formed properly and the underlying was made incomplete, inaccurate, and to incorporate inflated representations upon which the Court eventually predicated the Sentence over Minimums.

(ECF No. 149 at 4).  Defendant's Affidavit in support of his motion further states, "I wanted to appeal and wanted to seek immediate reconsideration of the sentence imposed and communicated this to counsel who failed ultimately to file notice of appeal or extension thereon and who also failed to indicate, draft, or submit to the District Court any reconsideration document."  (ECF No. 149, Attach. 1, ¶ 5).

Respondent's Response, as supported by the affidavits of both Mr. Lockwood and Mr. Proctor, contends that neither counsel was directed to file a direct appeal, and that Defendant understood that he had waived his appellate rights in his plea agreement.  In fact, both counsel summarized their post-sentencing conversation with Defendant as follows:

> After the hearing, [counsel] went with [Defendant] to the [U.S. Marshal's] holding facility to discuss the sentence and to discuss appeals. We explained that the only grounds for appeal would be ineffective assistance of counsel especially due to the variance he received and that if he was to appeal and win, there was a chance the new sentence could be worse. He stated that he did not have any interest in an appeal. We also explained, as had Judge Chambers, that we had to file a notice of intent to appeal with[in] fourteen (14) days. He informed us that he had no intent to file.

(ECF No. 161, Ex. E at 5, ¶ 24; Ex. F at 5, ¶ 22).

Defendant has produced no credible evidence demonstrating that he requested that his counsel file a direct appeal. Moreover, Defendant cannot demonstrate the requisite prejudice to establish ineffective assistance by his counsel because Defendant's 147-month sentence fell within the 121-151 months, which his motion asserts was the promised range.[2] Furthermore, as noted by counsels' affidavits, Defendant risked being resentenced at a higher level if he asked the courts to revisit the propriety of his sentence, which was in no way illegal.

### C. Defendant's criminal history calculation was correct and any alleged errors in failing to object to the revised PSR were harmless.

In Grounds Two and Three of his section 2255 motion, Defendant is challenging the calculation of his criminal history points and his placement in Criminal History Category II under the Guidelines. In Ground Two, Defendant asserts that a prior DUI conviction was used to place him in Criminal History Category II, when he feels that he should have been in Category I. Defendant further states that he was contemporaneously attempting to exhaust his state remedies seeking to "void" the prior DUI conviction. His basis for the challenge to the state conviction is that he did not know the effect it would

---

[2] Defendant's motion documents fluctuate between asserting that he was promised a flat 120-month sentence and that he expected a sentence within a 121-151 month range pursuant to his plea agreement and the initial PSR. (*See* ECF No. 149, Attach. 2 at 3, 6)

have on his future sentence in this court, and that "Defendant could not have knowingly and willfully considered the effects at the time such that Equal Protection was denied or the deal he took was far different than what was represented to him as unannounced terms were known to the State Prosecutor and not disclosed germaine to the Offer and settlement (the State Prosecutor's Office is in Equitable Sharing Arrangements and prosecution swapping agreements with the USAO and knew at the time all Possible Effects)." (ECF No. 149 at 5). Essentially, he asserts that he would not have pled guilty to the DUI offense in state court, if he had known of the possible future effects it would have (i.e., resulting in extra time to his federal sentence). This claim is frivolous.

Defendant's Memorandum further asserts that his prior DUI conviction should not have been used to calculate his criminal history in the first place because the state court records of such conviction are "incomplete" and "do not correctly or adequately reflect" the true facts thereof. (ECF No. 149, Attach. 2 at 8). This claim is also frivolous. There is no doubt that Defendant was on probation for the DUI offense at the time he committed the instant federal offenses. The Sentencing Guidelines provide that where the sentencing offense occurred while the defendant was on probation for another offense, two criminal history points are added. *See* U.S.S.G. § 4A1.1(d). Despite Defendant's contention that the DUI conviction was somehow invalid, it had not been overturned at the time of Defendant's federal sentencing. Thus, the presiding District Judge appropriately applied the two-point enhancement, which correctly resulted in a finding that Defendant was in Criminal History Category II, and Defendant cannot demonstrate that his counsel was ineffective in failing to challenge his sentence on that basis.

In Ground Three of his section 2255 motion, Defendant further challenges the calculation of his sentence and, again, claims that he was advised by his counsel that, if

he agreed to the proposed enhancements, and his Criminal History Category, and denied being promised "anything," he would receive the mandatory minimum sentence. (*Id.* at 7). This contention is not credibly supported by the record.

Moreover, to the extent that Defendant's motion documents further assert that there were changes in the calculation of his relevant conduct between the initial and revised drafts of the PSR, and that his counsel ineffectively failed to object to those changes, the undersigned proposes that the presiding District Judge **FIND** that any error by counsel in not objecting to the relevant conduct calculation and Defendant's offense level was harmless, in light of Defendant's stipulation in his plea agreement to the drug quantity being between one kilogram and three kilograms of heroin, rendering a base offense level of 32. The relevant conduct amount contained in the revised PSR was 1,355 grams, which fell squarely within the amount contained in the stipulation, to which Defendant was bound.

Defendant's motion documents repeatedly assert that he was "led to believe that he would receive not more than either 120 months strictly or not more than 121-151 months . . . ." Defendant was sentenced to 147 months, which falls within that latter range. Defendant again overlooks the fact that sentencing was within the sole discretion of the presiding District Judge, and that Defendant was advised that his sentence may be different from any representations made to him about his potential sentence.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's claim of ineffective assistance of counsel at sentencing lacks merit.

### D.    Claim of cumulative error.

In Ground Four of his motion, Defendant contends, in part, that cumulative errors, though independently harmless, resulted in the plain and substantial violation of his

rights. He further asserts that these cumulative errors resulted in a Privacy Act violation, which the undersigned has previously stated is not cognizable in this section 2255 proceeding.

To the extent that Defendant is, instead, attempting to assert a cognizable claim of cumulative error based upon his counsel's performance in failing to object to what Defendant now claims to be errors in his revised PSR, and failing to object to his resulting sentence, in *Fisher v. Angeleone*, 163 F.3d 835, 852 (4th Cir. 1998), the Fourth Circuit held that "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error . . . ." The *Fisher* Court further held that "it has long been the practice of this Court individually to assess claim under *Strickland*[;]" thus, each ineffective assistance of counsel claim "must be reviewed individually, rather than collectively. . . ." *Id.* at 852; *see also United States v. Marfo*, No. MJG-15-1940, 2018 WL 488826 *14 (D. Md. Jan. 19, 2018) (rejecting claim of cumulative error).

Therefore, in order for a cumulative error analysis to apply, the court must first find that there have been actual constitutional errors. Because the undersigned has already found that Defendant has not demonstrated any violations of his constitutional rights based on the other claims contained in his section 2255 motion, his claim of cumulative error lack merit as well.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated prejudice based upon the cumulative effect of any alleged errors asserted in his section 2255 motion and, thus, he is not entitled to collateral relief on this basis.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 56) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

June 11, 2018

Dwane L. Tinsley
United States Magistrate Judge